UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM E. POWELL**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF TREASURY**, *et al.*, <br><br> Defendants. | Case No. 24-cv-1893 (CRC) |

### MEMORANDUM OPINION

This case is the latest installment of Plaintiff William E. Powell's years-long saga to obtain tax records from the Internal Revenue Service ("IRS"). In this episode, Powell filed four Freedom of Information Act ("FOIA") requests and four Form 4506-T requests for tax transcripts and other records related to his family's printing company. Dissatisfied with the IRS's responses, Powell brought this lawsuit, alleging that the agency violated FOIA, the Administrative Procedure Act ("APA"), and 26 U.S.C. § 6103(e), which provides for the disclosure of tax returns to certain persons who have a "material interest" in the return. Before the Court are the IRS's partial motion to dismiss and partial motion for summary judgment, which assert that Powell's non-FOIA claims should be dismissed and his FOIA claims were not properly exhausted. The Court agrees, so it will grant the IRS's motions.

**I.  Background**

As other courts in this district have meticulously documented, Powell "has been on a long quest to obtain tax information related to his late father and grandfather, their trusts and estates, and two family printing businesses." Powell v. IRS, 317 F. Supp. 3d 266, 270 (D.D.C. 2018) (subsequent history omitted). Throughout his crusade, Powell has filed dozens of FOIA

requests, apparently in an effort to "investigate possible breaches of fiduciary duty by the trustees who distributed his father's assets after his father's death." Powell v. Yellen, No. 22-5200, 2023 WL 8947132, at *1 (D.C. Cir. Dec. 28, 2023) (per curiam); see also Pl.'s Opp'n to Defs.' Mot. to Dismiss and Partial Summ. J. ("Opp'n") at 1–2 ("Plaintiff has been on a long journey for approximately a decade requesting tax transcripts, and tax documents . . . surround[ing] Plaintiff, Plaintiff's deceased forebears, and business entities[.]"). Some of his FOIA requests have yielded documents, some have not, and many have ended up in court. See Powell, 2023 WL 8947132, at *1.

At issue in this case are eight record requests that Powell submitted to the IRS. First Am. Compl. ("FAC") at 2–3. Specifically, Powell filed four FOIA requests between February 2024 and April 2024, seeking examination files, index cards for corporate income tax returns, and other tax documents related to his family's businesses. Id. at 2. He also submitted four Form 4506-T requests to the IRS's Return and Income Verification Services ("RAIVS") unit, seeking various tax transcripts.[1] Id. at 3. As described in more detail below, the IRS responded to the four FOIA requests by asking Powell to provide proof of his right to access the requested records; when Powell failed to respond, the agency closed his requests. See Def.'s Statement of Undisputed Material Facts (ECF No. 21-2) ("SUMF") ¶¶ 4–6, 9–11, 14–16, 19–21. According to Powell, the IRS never responded to his four Form 4506-T requests. Opp'n at 4.

When Powell's document requests left him emptyhanded, he filed this lawsuit against the IRS, the IRS Commissioner, the Department of the Treasury, and the Secretary of the Treasury. See FAC at 1. His complaint alleges that IRS's withholding of documents responsive to his

---

[1] According to the IRS, Form 4506-T is "used to request routine tax transcripts for tax returns, tax accounts, wages[] and income, records of account and verification of non-filing." Defs.' Partial Mot. to Dismiss at 6 (citation omitted).

requests violated FOIA, the APA, and 26 U.S.C. § 6103(e). Id. at 4–7. After filing an answer, the IRS filed both a partial motion to dismiss and a partial motion for summary judgment. In its motion to dismiss, the IRS contends that (1) the APA and § 6103 do not provide a cause of action independent of FOIA, and (2) Powell's claims related to his RAIVS requests fail because he did not submit FOIA requests for those records. See Def.'s Partial Mot. to Dismiss ("Mot. to Dismiss") at 1. In its motion for summary judgment, the agency submits that Powell did not exhaust his administrative remedies before bringing his FOIA claims. See Mem. in Supp. of Def.'s Partial Mot. for Summ. J. ("Mot. for Summ. J.") at 1–2. Powell filed a combined opposition to both motions, the IRS filed a combined reply, and Powell filed a sur-reply.[2] Both motions are now fully briefed.

## II. Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim upon which relief can be granted." While a complaint does not need "detailed factual allegations," it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). That is, the alleged facts "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The Court need not

---

[2] Powell labeled his combined brief in response to the IRS's motions as an "opposition" on both the docket entry and the first page of the document. See Opp'n at 1. But on the last page of the brief, Powell asks the Court to grant his "Cross-Motion for Summary Judgment." Id. at 9. Because the brief is labeled as an opposition, Powell makes only a passing reference to a "cross-motion," and he otherwise fails to comply with Local Civil Rule 7.1(h)(1), the Court construes the filing as an opposition to the IRS's motions, not a cross-motion for summary judgment. The Court also notes that Powell did not move for leave to file his sur-reply brief, notwithstanding prior admonitions by other courts. See, e.g., Min. Order, Powell v. IRS, No. 17-cv-278 (JEB) (D.D.C. May 30, 2018).

accept "a legal conclusion couched as a factual allegation." Powell, 317 F. Supp. 3d at 272 (quoting Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006)).

When an agency argues that the plaintiff failed to exhaust his administrative remedies, courts often "analyze the matter under Rule 12(b)(6) for failure to state a claim." Jean-Pierre v. Fed. Bureau of Prisons, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012). But when "both parties rely on materials outside of the Complaint to support their positions," the Court may analyze the exhaustion question as a matter of summary judgment. Kalu v. IRS, No. 14-cv-998 (JEB), 2015 WL 4077756, at *4 (D.D.C. July 1, 2015) (citations omitted); cf. Assassination Archives & Rsch. Ctr. v. CIA, 657 F. Supp. 3d 95, 99 (D.D.C. 2023) (Cooper, J.) ("Summary judgment is the typical mechanism to determine whether an agency has met its FOIA obligations."). "The Court may grant a motion for summary judgment if . . . there is no genuine issue of material fact and [] the moving party is entitled to judgment as a matter of law." Vest v. Dep't of Air Force, 793 F. Supp. 2d 103, 112 (D.D.C. 2011) (citing Fed. R. Civ. P. 56(a)). In FOIA cases, the Court may grant summary judgment "on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." Jud. Watch, Inc. v. U.S. Secret Serv., 726 F.3d 208, 215 (D.C. Cir. 2013) (citation omitted).

### III. Analysis

The IRS moves to dismiss Powell's non-FOIA claims—including any claims regarding his requests to the RAIVS unit—under Rule 12(b)(6). It separately moves for summary judgment on Powell's FOIA claims because he failed to exhaust the administrative remedies available to him. The Court agrees that dismissal of all claims is warranted.

4

A.  Proper Defendants

Before turning to the merits of the IRS's motions, the Court must first address whether Powell sued the proper defendants.  The IRS contends that the Treasury Department, the Treasury Secretary, and the IRS Commissioner are not proper parties because "FOIA actions are properly brought against U.S. agencies."  Mot. for Summ. J. at 3 n.2 (quoting Rios v. United States, 275 F. Supp. 3d 88, 89 n.1 (D.D.C. 2017)).

As the IRS correctly notes, FOIA authorizes suit against a federal "agency."  5 U.S.C. § 552(a)(4)(B).  The term "agency" includes "any executive department . . . or other establishment in the executive branch of the Government . . . or any independent regulatory agency."  Id. § 552(f)(1).  Accordingly, Powell has no cause of action under FOIA against the Treasury Secretary or the IRS Commissioner.  See Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006).  The trickier question is whether the IRS or the Treasury Department is the proper defendant, as there is "some disagreement in this Circuit regarding what constitutes an 'agency' as it pertains to the District Court's jurisdiction" under FOIA.  Prison Legal News v. Lappin, 436 F. Supp. 2d 17, 21 (D.D.C. 2006).  Some courts "have at times allowed agency subcomponents to be sued in their own names in FOIA litigation," while others have "insisted on naming the main executive department or parent agency to which the . . . agency subcomponent belongs."  Nosal v. Mnuchin, No. 19-cv-1359 (RC), 2020 WL 13613274, at *1 (D.D.C. Feb. 24, 2020) (collecting cases); but see Jean-Pierre, 880 F. Supp. 2d at 101 (noting that "the weight of authority is that subcomponents of federal executive departments may, at least in some cases, be properly named as FOIA defendants").  Fortunately, there "appears to be no practical difference" as to whether the IRS or the Treasury Department is the proper defendant in this case; because

5

the disposition is the same either way, the Court reserves that question for another day. Nosal, 2020 WL 13613274, at *2.

### B. Non-FOIA Claims

In addition to his FOIA claims, Powell seeks declaratory and injunctive relief under the APA, 26 U.S.C. § 6103(e), and the Mandamus Act. FAC at 5–7. He also seeks the production of documents listed in the Form 4506-T requests that he submitted to the RAIVS unit. Id. at 3. However, he fails to state a claim on these grounds.

First, Powell's claims under the APA, 26 U.S.C. § 6103(e), and the Mandamus Act are non-starters. As he surely knows by now, "FOIA provides an adequate remedy for plaintiffs seeking records from the IRS," so "no cause of action under § 6103 and the APA is available." Powell, 2023 WL 8947132, at *1; see also id. at *2 ("Because FOIA offers an adequate vehicle to challenge the IRS's failure to disclose tax records, the APA offers no avenue for relief."); Powell v. Yellen, No. 21-cv-2946 (JEB), 2022 WL 2355419, at *1 (D.D.C. June 30, 2022) ("As this Court has held in multiple other suits brought by Powell, § 6103 does not provide an independent cause of action."); Powell v. IRS, No. 18-cv-2675 (JEB), 2021 WL 1061528, at *3 (D.D.C. Mar. 18, 2021) ("The Court has explained multiple times that § 6103 does not provide an independent cause of action[.]").[3] Moreover, mandamus is "a drastic remedy" appropriate only in "extraordinary situations" when, unlike here, "there is *no other adequate remedy* available to the plaintiff." Thomas v. Holder, 750 F.3d 899, 903 (D.C. Cir. 2014) (emphasis added) (citation omitted); see Nat'l Sec. Couns. v. CIA, 898 F. Supp. 2d 233, 268 (D.D.C. 2012) ("[T]o the extent a remedy would be available to the plaintiff under the Mandamus Act, an

---

[3] Powell even acknowledges this point in his briefing. See Opp'n at 2 (recognizing the prior court's holding that 26 U.S.C. § 6103(e) "cannot be used as an independent claim").

identical and adequate injunctive remedy would be available to the plaintiff under [] FOIA."). Because FOIA provides an adequate remedy for Powell to obtain tax records from the IRS, he does not have a cause of action under the APA, § 6103(e), or the Mandamus Act.

Second, Powell failed to state a claim based on the records he sought from the RAIVS unit. As the IRS explained in a letter to Powell, if he was "not satisfied" with the RAIVS unit's response to a Form 4506-T request, he could "file a FOIA request in order to obtain Tax Transcripts and Returns." SUMF, Ex. 13 at 2. That is, Powell could only "bring[] a claim in federal court" if he "submit[ted] a proper request for routine records to the IRS's [RAIVS] program *and then* submit[ted] a FOIA request." Powell, 2022 WL 2355419, at *3 (emphasis added). At no point does Powell claim that he submitted a FOIA request after the RAIVS unit purportedly failed to respond to his Form 4506-T requests in January 2023 and June 2024. See FAC at 2; Opp'n at 3–4. Because Powell failed to follow the agency's instructions before filing this lawsuit, the Court will grant the IRS's motion to dismiss. See Powell, 2022 WL 2355419, at *3.

C. FOIA Claims

The IRS next contends that it is entitled to summary judgment on Powell's FOIA claims because he failed to his exhaust his administrative remedies. Mot. for Summ. J. at 4–6. The Court agrees.

When submitting a FOIA request to an agency, a requester "must comply with the procedures set forth in the regulations promulgated by that agency." Calhoun v. DOJ, 693 F. Supp. 2d 89, 91 (D.D.C. 2010) (citing 5 U.S.C. § 552(a)(3)). Specifically, a proper FOIA request must "reasonably describe[]" the records sought and be made "in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C.

7

§ 552(a)(3)(A). An agency is under no obligation to process FOIA requests that do not comply with its procedures. Kalu, 2015 WL 4077756, at *4. If the requester files suit based on a defective FOIA request, "he is said to have failed to exhaust [his] administrative remedies." Powell, 317 F. Supp. 3d at 276 (alteration in original) (quoting Kalu, 2015 WL 4077756, at *4); see also West v. Jackson, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) ("The failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust."); Flowers v. IRS, 307 F. Supp. 2d 60, 68 (D.D.C. 2004) (same). A failure to exhaust administrative remedies "warrants dismissal." Dale v. IRS, 238 F. Supp. 2d 99, 103 (D.D.C. 2002).

As noted in one of Powell's prior cases, "not just anyone can obtain the tax information of another person or corporation." Powell, 317 F. Supp. 3d at 276. Since tax returns and accompanying information are "confidential," the IRS can only disclose them "to those authorized by statute and regulation." Id. (citing 26 U.S.C. § 6103(a), (e)); see also Goldstein v. IRS, 279 F. Supp. 3d 170, 176 (D.D.C. 2017) (noting that a FOIA requester must "fully comply with the requirements of the Internal Revenue Code and its attendant regulations" (citing 26 C.F.R. § 601.702(c)(4)(i))). In this case, the relevant IRS regulations provide that when the disclosure of records is limited by statute or regulation, a FOIA requester must "establish [his] identity and right to access such records" by "provid[ing] adequate proof of the legal relationship under which [he] assert[s] the right to access the requested records." 26 C.F.R. § 601.702(c)(5)(iii); see also Powell, 317 F. Supp. 3d at 276. The IRS must provide notice to a requester who fails to meet this requirement. 26 C.F.R. § 601.702(c)(4)(i); see also Goldstein, 279 F. Supp. 3d at 176. If the requester does not then perfect the FOIA request, he has failed to exhaust his administrative remedies. See Goldstein, 279 F. Supp. 3d at 176; Flowers, 307 F. Supp. 2d at 69–70; Kalu, 2015 WL 4077756, at *6. The requester "bears the burden of showing

8

entitlement to records." Powell, 317 F. Supp. 3d at 276 (citing Goldstein, 279 F. Supp. 3d at 180).

In this case, Powell submitted four FOIA requests for various tax documents associated with his family's business entities. See FAC at 2. In response to each request, the IRS asked Powell to provide "proof of [his] right to access the requested records." See SUMF, Ex. 2 (citing 26 C.F.R. § 601.702(c)(5)(iii)); id., Ex. 5; id., Ex. 8; id., Ex. 11. The agency further specified that Powell could submit "[a] copy of Form 2848, Letters Testamentary, Will, or any other written statements authorizing [him] consent for the Estate or Corporation records." Id. Powell did not respond to the letters or submit the requested documentation.[4] The IRS then sent him a "final response" letter for each FOIA request, explaining that the agency was taking no further action and inviting him to resubmit a perfected request. See SUMF, Ex. 3; id., Ex. 6; id., Ex. 9; id., Ex. 12.

The IRS submits that Powell failed to exhaust his administrative remedies because he "did not appeal the agency's final response to his FOIA requests before bringing this suit." Mot. for Summ. J. at 5. But this argument rests on shaky ground. First, it is not entirely clear that the IRS even *offers* an opportunity to appeal its determination that a FOIA request does not meet the agency's threshold procedural requirements. See 26 C.F.R. § 601.702(c)(7) ("A determination that a request is deficient in any respect is not a denial of access, and such determinations are not subject to administrative appeal."). Second, even if an appeal process did exist, the agency's letters failed to notify Powell that it was available. Cf. Oglesby v. U.S. Dep't of Army, 920 F.2d

---

[4] Powell claims that after receiving one of the letters, he called the IRS employee assigned to the case and left a voicemail. See Opp'n at 5. The employee reports that he has "no recollection" of speaking with Powell and found "no documentation or record of any voicemail" from him. Declaration of Timothy Bouks (ECF No. 27-1) ¶ 11.

9

...

57, 67 (D.C. Cir. 1990) (noting that "adverse determination" letters do not trigger FOIA's exhaustion requirement if they do not inform the requester of his right to appeal). The Court hesitates to fault Powell for not pursuing recourse that was never offered to him.[5] Accordingly, the Court will not find that Powell failed to exhaust his claims simply because he did not *appeal* the IRS's final responses. See Hinojosa v. Dep't of Treasury, No. 06-cv-215 (JDB), 2006 WL 2927095, at *4 (D.D.C. Oct. 11, 2006) (assessing whether a FOIA request was deficient in the first instance because no administrative appeal process was available); Maxwell v. O'Neill, No. 00-cv-1953 (HHK), 2002 WL 31367754, at *6–7 (D.D.C. Sept. 12, 2002) (finding it "appropriate to review [the IRS's] determination that plaintiffs' requests were deficient" because the plaintiffs could not file an administrative appeal).

Having said that, the Court agrees that Powell failed to exhaust his administrative remedies because he did not perfect his FOIA requests. See Goldstein, 279 F. Supp. 3d at 176 ("An agency's [FOIA] obligations commence upon receipt of a *valid* request; failure to file a perfected request therefore constitutes failure to exhaust administrative remedies." (quoting Dale, 238 F. Supp. 2d at 103)). Powell submits that he provided proof of his right to access the requested tax documents by including a Centralized Authorization File ("CAF") number on each FOIA request. Opp'n at 5–6. A CAF number is "a unique identification number assigned by the [IRS] to representatives, such as attorneys or Certified Public Accountants, who are authorized to act on behalf of taxpayers." Declaration of Timothy Bouks (ECF No. 27-1) ("Bouks Decl.") ¶ 6; see also 26 C.F.R. § 601.506(d)(2) (explaining that the IRS issues CAF numbers "to facilitate the processing of a power of attorney or a tax information authorization submitted by a recognized

---

[5] The IRS appears to back down from this argument in its reply brief. See Reply to Pl.'s Combined Opp'n at 6 ("Powell is correct that he was not required to appeal the agency's response before bringing this suit.").

representative or an appointee"). At the time Powell filed his FOIA requests, IRS guidance provided that the CAF identification system was "not to be used to confirm authorization of third-party return information in FOIA case processing." Bouks Decl. ¶ 7; id., Ex. A.[6] Instead, the IRS required a "a valid authorization document, such as Form 2848 (Power of Attorney and Declaration of Representative) or Form 8821 (Tax Information Authorization), directly from the requester[.]" Bouks Decl. ¶ 7. Following this guidance, the IRS asked Powell to provide a "copy of Form 2848" or "any other written statements authorizing [him] consent" to access the requested records, but he failed to do so. SUMF, Ex. 2; id., Ex. 5; id., Ex. 8; id., Ex. 11. Because Powell did not show his entitlement to the records, he failed to exhaust his administrative remedies. See Powell, 371 F. Supp. 3d at 276–77 (concluding that Powell did not meet his burden of showing his right to access his grandfather's tax records); Kalu, 2015 WL 4077756, at *6 (dismissing the plaintiff's FOIA claim because she submitted a deficient Form 2848 with her request); Flowers, 307 F. Supp. 2d at 69–70 (granting summary judgment to the IRS because the plaintiff did not correct technical deficiencies in her FOIA request after the agency issued an initial response letter). The Court will therefore grant summary judgment on Powell's remaining FOIA claims.

---

[6] This guidance is no longer in effect, which could bode well for any future FOIA requests Powell might lodge. See Bouks Decl. ¶ 8.

## IV. Conclusion

For the foregoing reasons, the Court will grant the IRS's [20] Partial Motion to Dismiss and [21] Partial Motion for Summary Judgment. A separate Order shall accompany this memorandum opinion.

                                                CHRISTOPHER R. COOPER
                                                United States District Judge

Date:  February 19, 2026